AB:PP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

WELLINGTHON GALVA POLANCO,

Defendant.

- - - - - - - - - - - - - - - X

COMPLAINT

(21 U.S.C. §§ 963 and 960)

Case No. 19-M-287

EASTERN DISTRICT OF NEW YORK, SS:

Michael Flood, being duly sworn, deposes and states that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

On or about March 28, 2019, within the Eastern District of New York and elsewhere, the defendant WELLINGTHON GALVA POLANCO, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 963 and 960)

The source of your deponent's information and the grounds for his beliefs are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

1. On March 16, 2019, at the JFK New York International Mail Branch, a CBP officer selected a parcel for examination ("SUBJECT PACKAGE 1"). The package was sent to the United States from the Dominican Republic. SUBJECT PACKAGE 1 was searched, and a white powdery substance was discovered within the walls of the cardboard box of SUBJECT PACKAGE 1. The white powdery substance field tested positive for cocaine.

2. On March 17, 2019, at the JFK New York International Mail Branch, a CBP officer selected another parcel for examination ("SUBJECT PACKAGE 2," collectively the "SUBJECT PACKAGES"). The package was sent to the United States from the same address in the Dominican Republic as SUBJECT PACKAGE 1 and was destined for the same address and same recipient as SUBJECT PACKAGE 1. SUBJECT PACKAGE 2 was searched, and a white powdery substance was discovered within the walls of the cardboard box of SUBJECT PACKAGE 2. The white powdery substance field tested positive for cocaine.

3. The total amount of cocaine in the two packages was approximately 1090 grams.

4. On March 23, 2019, the Honorable Cheryl L. Pollak, United States Magistrate Judge, authorized a search warrant to install tracking devices in the SUBJECT PACKAGES.

5. Law enforcement personnel removed the cocaine from the packages. Because the cocaine was previously embedded in the cardboard walls, and the packages were of significant weight from goods contained within the SUBJECT PACKAGES, law enforcement did not need to replace the cocaine with a sham substance in order for the SUBJECT PACKAGES to appear unaltered.

6. Law enforcement personnel then received the SUBJECT PACKAGES from CBP and placed them into the domestic postal mail stream. Law enforcement conducted electronic and physical surveillance of the packages.

7. On March 28, 2019, at approximately 4:37 p.m., the defendant WELLINGTHON GALVA POLANCO had contact with the individual by phone who was in possession of the SUBJECT PACKAGES. At approximately 4:39 p.m., the individual messaged the defendant the address where they were to meet, which was the JFK Post Office customer parking lot, in Jamaica, New York. At approximately 4:42 p.m., 5:50 p.m., and 6:01 p.m., the defendant and the individual had further phone contact.

8. Within a couple of minutes of that last conversation, the defendant WELLINGTHON GALVA POLANCO arrived at the parking lot and met the individual. In exchange for the packages, the defendant paid the individual bringing him the SUBJECT PACKAGES $500. After receiving the packages, the defendant then loaded the SUBJECT PACKAGES into the trunk of his vehicle.

9. Law enforcement personnel arrested the defendant WELLINGTHON GALVA POLANCO after he loaded the SUBJECT PACKAGES into his vehicle.

10. The defendant WELLINGTHON GALVA POLANCO received <u>Miranda</u> warnings and agreed to speak with law enforcement. During the interrogation, the defendant consented to a search of his cell phones and his vehicle. With the assistance of a certified narcotics detection canine handler and his trained canine, law enforcement was able to locate 3.2 grams of cocaine within a panel in the passenger compartment of the vehicle. The defendant subsequently admitted that this cocaine belonged to him.

WHEREFORE, your deponent respectfully requests that the defendant WELLINGTHON GALVA POLANCO be dealt with according to law.

_____
MICHAEL FLOOD
Special Agent
Homeland Security Investigations

Sworn to me before this
29th day of March, 2019

_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK